**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**COLUMBIA DIVISION**

| | | |
|---|---|---|
| Belton Miller, | ) | C.A. No.:   3:18-00211-JMC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **C O M P L A I N T** |
| | ) | |
| The Prudential Insurance Company | ) | |
| of America, | ) | |
| | ) | |
| Defendant. | ) | |

The Plaintiff, complaining of the Defendant herein, would show unto this Honorable

Court as follows:

I.

Plaintiff is a citizen and resident of Gilbert, South Carolina.

II.

Defendant is an insurance company organized and existing pursuant to the laws of one of

the States of the United States, and which does business in Lexington County, South Carolina.

III.

In this matter, Plaintiff seeks long term disability benefits under an ERISA plan pursuant

to 29 U.S.C. § 1132(a)(1)(B), and this court has jurisdiction to hear this matter based upon a

federal question.  Defendant is subject to jurisdiction in this court because it has more than

minimum contacts with this forum (*see* 29 U.S.C. § 1132(e)).

IV.

Until 2015, Plaintiff was employed with Michelin North America, and as an employee of

Michelin North America, Plaintiff was provided with long term disability coverage via a plan

which was fully insured by Defendant.  Besides being the insurer of the plan, Defendant is also

the sole entity responsible for determining whether claims such as the Plaintiff's should be paid.

Accordingly, Defendant is the claim administrator and a fiduciary of the plan for the purpose of

deciding whether benefits are payable.  As the claim administrator, insurer, and fiduciary of the

plan in which Plaintiff participated the Defendant is a proper party Defendant in the matter *sub

judice* wherein Plaintiff seeks benefits pursuant to ERISA 29 U.S.C. §1132(a)(1)(B).

V.

Plaintiff became disabled because of certain problems from which he suffered.  Plaintiff

was forced to cease working and he filed a claim for long term disability benefits.

VI.

Defendant denied Plaintiff's claim effective October 23, 2017.  Plaintiff appealed the

denial and fully exhausted administrative remedies, but Defendant has failed and refused to

provide additional benefits.

VII.

Defendant made its claim decision while operating under a conflict of interest which

significantly influenced the Defendant to deny Plaintiff's claim.  The Defendant's decision was

not based upon substantial evidence or the result of a principled and reasoned decision-making

process.  Instead, the Defendant's decision was reached by Defendant ignoring relevant evidence

pertaining to Plaintiff's claim and, instead, relying upon biased information and flawed expert

opinions.  Accordingly, Defendant operated under a conflict of interest which improperly and

significantly influenced its claim decision.

**<u>FOR A FIRST CAUSE OF ACTION</u>**

VIII.

Plaintiff incorporates all prior allegations, where not inconsistent, as if fully set forth herein.

IX.

Plaintiff respectfully requests that this Court consider the administrative record compiled in this case and any other evidence relevant to any factors discussed by *Champion v. Black & Decker*, 550 F.3d 353 (4th Cir. 2008), if applicable and depending on the standard of review, and declare, pursuant to 29 U.S.C. §1132(a)(1)(B), that Plaintiff is entitled to the benefits which he seeks under the terms of the plan.  In the event that the court reviews the record and/or other relevant information and determines that the Defendant abused its discretion or that its decision is not supported by the record, but that the substance of the record might not support Plaintiff's entitlement to benefits then Plaintiff respectfully asks that, in the event of such a finding, that the court exercise its inherent power to remand Plaintiff's claim for a "full and fair" review by the appropriate claim fiduciary Defendant.  Should the court award Plaintiff any part of the relief requested, Plaintiff additionally prays that the Court award him attorney's fees and costs pursuant to 29 U.S.C. §1132(g).

**WHEREFORE,** having fully stated his complaint against the Defendant, Plaintiff prays for a declaration of entitlement to the long term disability benefits he seeks pursuant to 29 U.S.C. §1132(a)(1)(B), attorney's fees and costs pursuant to 29 U.S.C. §1132(g), and such other and further relief as this Court deems just and proper, including pre-judgment interest on all benefits due from the point at which benefits were payable through the time of judgment.

s/M. Leila Louzri
M. Leila Louzri, Esq.
Federal Bar #: 12007
**FOSTER LAW FIRM, LLC**

Post Office Box 2123
Greenville, South Carolina 29602
(864) 242-6200
(864) 233-0290 (facsimile)
E-mail:   llouzri@fosterfoster.com

Date: January 26, 2018                    Attorneys for Plaintiff